UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

*In re*:                                            FOR PUBLICATION

LAWRENCE MALAFRONTE,                                 Chapter 13

                      Debtor.          Case No. 25-11004 (JPM)

------------------------------------------------------------x

***APPEARANCES***

**JULIUS RIVERA LAW OFFICE**
*Counsel for the Debtor*
309 Mill Street
Poughkeepsie, NY 12601
By: Julius A. Rivera, Jr.

**MUCHMORE & HOLLANDER LLP**
*Counsel for the Creditors*
84 Withers Street, 4th Floor
Brooklyn, NY 11211
By: Brandon Maxwell

**CHAPTER 13 TRUSTEE**
*Standing Chapter 13 Trustee*
399 Knollwood Rd., Suite 102
White Plains, NY 10603
By: Thomas C. Frost

**UNITED STATES TRUSTEE**
*Office of the U.S. Trustee, Region 2*
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004

**MEMORANDUM OPINION AND ORDER APPROVING THE
DEBTOR'S RETENTION OF STERN, STERN & FRUCHTMAN PC
<u>AS SPECIAL COUNSEL EFFECTIVE AS OF AUGUST 4, 2025</u>**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I.      INTRODUCTION

This matter arises from the Chapter 13 case of debtor Lawrence Malafronte (the "**Debtor**"). Before the Court is the Debtor's motion (the "**Motion**"), dated June 8, 2026, for entry of an order, pursuant to 11 U.S.C. § 327, authorizing the Debtor to retain Stern, Stern & Fruchtman PC (the "**Firm**") as special litigation counsel to represent the Debtor in a state court proceeding, effective as of August 4, 2025.  (Dkt. No. 47).

On June 22, 2026, judgment creditors Denise and Robert Santangelo (the "**Creditors**") filed an objection to the Motion (the "**Objection**").  (Dkt. No. 50).  On July 16, 2026, the Court held a hearing (the "**Hearing**").  At the Hearing, the Chapter 13 Trustee (the "**Trustee**") stated that the Trustee does not object to the Motion.  The Creditors failed to appear at the Hearing.

Having considered the Motion, the Objection, the arguments presented at the Hearing, and the record as a whole, the Court finds that the Debtor's retention of the Firm is warranted.  For the reasons set forth below, the Objection is **OVERRULED**, and the Motion is **GRANTED**.

## II.     BACKGROUND

On June 8, 2026, the Debtor filed the Motion seeking the Court's approval to retain the Firm to litigate a contract dispute concerning a home improvement project in New York state court. (Dkt. No. 47).  That dispute arises from the Debtor's work as a home improvement contractor, and concerns allegations that the Debtor negligently caused property damage while performing work under the contract.  (*Id.*).

On June 22, 2026, the Creditors filed the Objection.  (Dkt. No. 50).  The Creditors assert that the contract dispute resulted in a final judgment in the amount of $206,350.62 against the Debtor on July 21, 2021. *See Santangelo v. Malafronte et al.*, Index No. 150014/2020 (N.Y. Sup.

Ct. Richmond Cnty., July 21, 2021) (*Id.*). After the New York state court ruled in the Creditors' favor, the Creditors commenced a turnover proceeding in New York to enforce the judgment against the Debtor. (*Id.*). Before the New York state court entered an order authorizing turnover, however, the Debtor commenced this bankruptcy case, thereby staying the state court proceeding. Based on those facts, the judgment creditors argue that retention is unwarranted for three reasons: (1) the Debtor did not articulate a legal basis for vacating the judgment under New York law; (2) the Debtor's application is time-barred under New York law; and (3) authorizing retention of counsel to restart litigation in New York state court would "divert Chapter 13 estate resources from the repayment plan and harm distributions to creditors." (*Id.*).

The Court held the Hearing on July 16, 2026 to consider the relief sought in the Motion. At the Hearing, the Debtor represented that the state court litigation would be funded by his family, and that retention of the Firm to prosecute that litigation would not drain or otherwise divert funds from the Debtor's bankruptcy estate. (*See* July 16, 2026 Hr'g Tr.). The Creditors did not appear at the Hearing, and the Trustee did not object to the Debtor's Motion.

## III.   <u>LEGAL ANALYSIS</u>

Section 327(a) of the Bankruptcy Code authorizes "the trustee" or a debtor-in-possession to employ attorneys and other professionals "that do not hold or represent an interest adverse to the estate" and who are "disinterested persons as defined in § 101(13)." *In re Drexel Burnham Lambert Grp., Inc.*, 112 B.R. 582, 586 (Bankr. S.D.N.Y. 1990) (quoting 11 U.S.C. § 327(a)); *see also Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 125 n.1 (2015) ("Although § 327(a) directly applies only to trustees, § 1107(a) gives Chapter 11 debtors in possession the same authority as trustees to retain § 327(a) professionals."). Relatedly, § 327(e) permits "the trustee" to employ, "for a specified special purpose," an "attorney that has represented the debtor," provided that such

3

employment is in "the best interest of the estate" and the attorney "does not represent or hold any interest adverse to the debtor or to the estate."  11 U.S.C. § 327(e).

The Bankruptcy Code is silent, however, as to whether § 327 governs a Chapter 13 debtor's retention of counsel.  *See In re Hayes*, 431 B.R. 545, 547 (Bankr. W.D.N.Y. 2010) (noting that, although § 327 "requires court approval for the selection of counsel for a trustee or debtor in possession in Chapter 11, the Bankruptcy Code imposes no similar mandate on attorneys for a debtor in Chapter 13"); *see also In re Gutierrez*, 309 B.R. 488, 499-500 (Bankr. W.D. Tex. 2004) (noting that it remains unresolved whether § 327 "applies to the retention of debtor's counsel in a chapter 13 case," but stating that "Congress was no doubt aware of the anomaly of paying the [Chapter 13] debtor's attorney with property of the estate, yet not binding that attorney by the structures of section 327(a)").  A Chapter 13 debtor is neither a trustee nor a debtor-in-possession. *See In re Pruitt*, 72 B.R. 436, 439 (Bankr. E.D.N.Y. 1987) ("Unlike a debtor-in-possession, a Chapter 13 debtor is not given all of the rights of a Chapter 13 trustee."); *see also In re Maupin*, No. 25-40104 (BRW), 2025 WL 3259538, at *3 (Bankr. D. Idaho Nov. 21, 2025) (citing 3 COLLIER ON BANKRUPTCY ¶ 327.01 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("Because section 327 addresses the retention of professionals by a trustee, it does not by its terms apply to the retention of professionals by a debtor that is not a debtor in possession.  Thus, a debtor in a case under ... chapter 13 does not need court approval before retaining counsel.").

Absent express statutory guidance, courts have split into two camps.  A majority of courts have interpreted the word "trustee" in § 327(e) to include a Chapter 13 debtor where the debtor is "in possession of a non-bankruptcy cause of action" and seeks to retain special counsel to prosecute or defend that cause of action.  *See, e.g.*, *In re Smith*, 637 B.R. 758, 773 (Bankr. S.D. Ga. 2022) (noting that "the word 'trustee' in § 327(e) includes a Chapter 13 debtor"); *In re Goines*, 465 B.R.

4

704, 706 (Bankr. N.D. Ga. 2012) ("[T]he Chapter 13 debtor, if he is in possession of a non-bankruptcy cause of action, has the authority and duty to file an application to employ special counsel[.]").  Other courts have disagreed, reasoning that the plain language of § 327(e) applies only to the trustee's employment of counsel and not a Chapter 13 debtor's retention of counsel. *See, e.g.*, *In re Scott*, 531 B.R. 640, 645 (Bankr. N.D. Miss. 2015) ("Nothing in the Bankruptcy Code suggests that the term 'trustee' used in § 327(e) is intended to include a chapter 13 debtor."); *In re Bowker*, 245 B.R. 192, 200 n.8 (Bankr. D.N.J. 2000) ("Section 327 which requires prior court approval for retention of professionals by a trustee … does not apply to a chapter 13 debtor[.]").

In *Cahill*, this Court adopted the majority approach, holding that § 327 applies where a Chapter 13 debtor seeks to retain counsel to prosecute or defend a non-bankruptcy cause of action. *See In re Cahill*, 478 B.R. 173, 176 (Bankr. S.D.N.Y. 2012) (citing *Goines*, 465 B.R. at 706).  At the same time, *Cahill* recognized that § 327 does not apply where a Chapter 13 debtor seeks to retain counsel for work "performed as part of the bankruptcy proceeding."  *See id*. at 176 ("Section 327 is not a requirement that must be met before a chapter 13 debtor may hire counsel in chapter 13 cases for work to be performed as part of the bankruptcy proceeding.").  Where counsel is retained for work performed in connection with the bankruptcy proceeding, the debtor need not satisfy § 327.  *See id*.  Rather, a Chapter 13 debtor may retain counsel "so long as the following two requirements are met: (1) the need to disclose compensation paid or agreed to be paid pursuant to section 329; and (2) the need for approval of post-petition payments from property of the estate pursuant to section 330(a)(4)(B)."  *In re Gorski*, 519 B.R. 67, 71 (Bankr. S.D.N.Y. 2014).

For purposes of this Motion, the Court need not decide whether § 327 strictly governs the Debtor's retention of the Firm.  Either way, the Court finds that retention of the Firm is warranted.

5

Here, the Debtor seeks to retain the Firm as special litigation counsel in a state court proceeding. That representation appears to concern a specified non-bankruptcy matter, and therefore falls within the category of representation that courts, including this Court, have analyzed under § 327(e) in Chapter 13 cases. *See Cahill*, 478 B.R. at 176 (listing cases). But even if § 327 does not apply to the Debtor's retention of counsel in this case, the outcome would be the same. Under *Cahill* and *Gorski*, a Chapter 13 debtor may retain counsel, subject to the disclosure requirements of § 329 and the requirement of Court approval under § 330(a)(4)(B) to the extent counsel seeks payment from property of the estate. *See id*.; *see also Gorski*, 519 B.R. at 71. At that point, the Court will review any requested compensation for reasonableness. *See In re Conroy*, No. 8-16-71943 (AST), 2017 WL 5035082, at *5 (Bankr. E.D.N.Y. Oct. 31, 2017) (noting that the "standard for review of reasonableness of a chapter 13 debtor's counsel's fees" is based on the factors "enumerated under § 330(a)(3)(A)-(F)"); *see also In re Owens*, No. 18-35432 (CGM), 2022 WL 89430, at *2 (Bankr. S.D.N.Y. Jan. 7, 2022) (noting that, "in making a determination of reasonableness," courts typically consider "the time spent on the services, the rates charged for the service, the amount of time spent commensurate with the complexity, nature and importance of the task, the skill of the applicant and her experience in the bankruptcy field, and the comparison of fees with those customarily charged by comparably skilled practitioners in non-bankruptcy cases"). Subject to those safeguards, the Debtor may retain special litigation counsel for the limited purpose described in the Motion.

On this record, the Court finds that retention of the Firm is warranted. The Motion seeks approval of the Firm for a specified special purpose: representation of the Debtor in the state court proceeding described in the Motion. (Dkt. No. 47). The Trustee does not object to the Motion. The Debtor also attached a copy of the retention agreement as an exhibit to the Motion, and that

6

agreement details the legal fees charged as well as the scope of representation. (*Id*. Ex. C). At this juncture, the Court is satisfied that the Motion adequately discloses the Firm's role, the scope of the proposed representation, and the terms of compensation. (*Id*.). Nothing in the record establishes that the Firm holds or represents an interest adverse to the Debtor or to the estate with respect to the matter for which the Firm is to be retained. (*Id*.). Nor does the record show that retention of the Firm would prejudice the estate or creditors, particularly given the Debtor's representation that the state court litigation will be funded by his family and will not divert funds from the estate. (*See* July 16, 2026 Hr'g Tr.).

In issuing this order, the Court is not approving any specific compensation or reimbursement of expenses at this time. Any request for payment from property of the estate remains subject to further review and approval by this Court under § 330(a)(4)(B).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that the Debtor's retention of Stern, Stern & Fruchtman PC as special litigation counsel is warranted, subject to the requirements set forth below. Accordingly, it is hereby **ORDERED** that:

1. The Objection is **OVERRULED**.

2. The Motion is **GRANTED**.

3. The Debtor is authorized to retain Stern, Stern & Fruchtman PC as special litigation counsel in the state court proceeding described in the Motion, effective as of August 4, 2025, upon the terms set forth in the Motion.

4. The Firm shall comply with 11 U.S.C. § 329 and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure with respect to any compensation paid or agreed to be paid in connection with this case.

5. Any compensation or expenses sought by the Firm from the property of the estate shall be subject to review and approval by this Court pursuant to § 330(a)(4)(B).

6. Nothing in this order constitutes approval of any specific fee, expense, contingency fee, or other compensation arrangement, all of which remain subject to further review by this Court to the extent required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or other applicable law.

**IT IS SO ORDERED.**

Dated: July 29, 2026
        New York, New York                           /s/ John P. Mastando III
                                                      HONORABLE JOHN P. MASTANDO III
                                                      UNITED STATES BANKRUPTCY JUDGE